**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Mayte Adriana Fuentes Juarez | No. 25-cv-2583 (DLM) |
| Petitioner, | |
| v. | **ORDER** |
| Marisol Gonzalez Velasquez, | |
| Respondent. | |

Before the Court is Respondent's Emergency Pro Se Motion to Stay Return of Child Pending Appeal (Doc. 65). Petitioner opposes the motion. (Docs. 76 (Memorandum in Opposition), 77 (Declaration).) For the reasons stated below, the Court respectfully denies Respondent's motion.

## BACKGROUND

On June 20, 2025, Mayte Fuentes Juarez filed a Verified Petition for Return of Child. (Doc. 1.) The Petition alleged that Ms. Fuentes Juarez was the custodian of her great nephew and ward, a five-year-old child with the initials I.G.F.G. (*Id.* at 1-2.) It further alleged that Respondent, the child's mother, wrongly removed the child from his home in Mexico without Petitioner's consent and brought him to the United States. (*Id.* at 3.) The Petition filed pursuant to the Hague Convention on Civil Aspects of International Child Abduction ("Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), sought return of the child to Mexico. (*Id.* at 6.)

1

This Court held a three-day bench trial on this matter, from March 16 through March 18, 2026. (Docs. 51-53.) Prior to the trial, the Court solicited pretrial submissions and exhibit lists from the parties. (Doc. 23.) In response, Ms. Gonzalez Velasquez's counsel timely submitted a number of filings, including a trial brief (Doc. 24), proposed findings of fact (Doc. 25), and exhibit and witness lists (Docs. 29-31). Respondent also submitted a supplemental trial brief on March 13, 2026 (Doc. 45), as well as updated proposed findings of fact on April 15, 2026 (Doc. 57). At no time has Respondent sought to supplement the record before the Court. (*See generally* Docket.)

On May 4, 2026, this Court issued an Order granting the Petition for Return of Child. (Doc. 59.) Relevant here, that Order required that I.G.F.G be returned to his home in Mexico City, Mexico no later than 14 days following the end of the 2025-26 school year for the school that I.G.F.G. attends. (Doc. 59 at 27.) Respondent submitted an additional filing on the issue of attorneys' fees through counsel on May 22, 2026. (Doc. 61.) Respondent's counsel did not, however, challenge the propriety of the Court's removal order. (*See generally* Docket.)

On June 1, 2026, the Court received a number of pro se filings from Respondent, Ms. Gonzalez Velasquez. These include a Notice of Appeal (Doc. 62), In Forma Pauperis application documents (Docs. 63-64), a pleading entitled "Emergency Pro Se Motion to Stay Return of Child Pending Appeal" (Doc. 65), and an exhibit in support of the motion to stay (Doc. 66). Given that Respondent was represented by counsel at the time she filed these documents, the Court solicited input from the parties on the appropriate treatment of Respondent's pro se submissions. (Doc. 68.) This prompted Respondent's counsel to move

2

to withdraw. (Docs. 69-70.) Ultimately, the Court granted Respondent's counsel's motion to withdraw, and accepted Ms. Gonzalez Velazquez's pro se submissions. (Doc. 73.) The Court permitted Petitioner to file a response to Respondent's Motion to Stay (Doc. 74), which Petitioner has done (Docs. 76, 77.) The matter is now fully submitted and ripe for decision.

## ANALYSIS

## I.    THIS COURT RETAINS JURISDICTION TO ISSUE A STAY.

Before addressing the merits of Respondent's motion to stay, this Court must assess its own jurisdiction to even entertain such a motion. Petitioner has filed a Notice of Appeal. (Doc. 62.) "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Once the notice of appeal is filed, "the district court generally lacks power to act with respect to matters encompassed within the appeal, and actions taken by the district court in violation of this principle are null and void." 16A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 3949.1 (5th ed. Apr. 2026). However, the jurisdictional transfer principle has its limits, and a district court may still consider some matters remaining in an appealed case. *Taqueria El Primo LLC v. Illinois Famers Ins. Co.*, 705 F. Supp. 3d 918, 922 (D. Minn. 2023).

Stays of district court orders granting equitable relief are among the matters a district court may consider while an appeal is pending. Fed. R. Civ. P. 62(c); *see also Knutson v. AG Processing*, 302 F. Supp. 2d 1023, 1033 (N.D. Iowa 2004). For such matters, the

3

appealing litigant must first seek a stay in the district court before pursuing such relief in the appellate court. Fed. R. Civ. P. 8(a)(1)(C). As Hague Convention cases involve an equitable remedy, courts have recognized they retain jurisdiction to stay their removal orders of relief pending appeal. *See, e.g.*, *Rowe v. Vargason*, 11-cv-1966, 2011 WL 6151523 (D. Minn. Dec. 9, 2011) (determining merits of motion to stay Hague Convention removal order pending appeal); *Vasquez v. Colores*, 10-cv-3669, 2010 WL 3768130 (D. Minn. Sept. 17, 2010) (same); *accord Chafin v. Chafin*, 568 U.S. 165, 178-79 (2013). So the Court has jurisdiction to at least consider the merits of Respondent's Motion to Stay.

## II.   RESPONDENT HAS NOT MET HER BURDEN TO ESTABLISH THAT A STAY OF THIS COURT'S REMOVAL ORDER IS APPROPRIATE.

The factors this Court must consider in determining whether to issue a stay pending appeal are well established: (1) whether the movant has made a "strong showing" of likely success on the merits of the appeal; (2) whether the movant will be irreparably harmed absent a stay; (3) whether the stay would wreak substantial harm on the other party; and (4) the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). "The most important factor is the [movant's] likelihood of success on the merits." *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011).[1] The "difficult" burden of demonstrating the propriety of a stay is on the movant. *Rowe*, 2011 WL 6151523, at *1; *Vasquez*, 2010 WL 3768130, at *1. With these principles in mind, the Court turns to Respondent's motion.

---

[1] While *Brady* involved a motion to stay brought before the Eighth Circuit under Federal Rule of Appellate Procedure 8(a), "the factors regulating issuance of a stay" before both district courts and courts of appeals "are generally the same." *Hilton*, 481 U.S. at 776.

**A.      Respondent has not shown a likelihood of success on the merits of her appeal.**

Respondent does very little in her motion to demonstrate she is likely to succeed on the merits of her appeal. Indeed, her motion does not even assert the Court's return order was erroneous, instead simply claiming the appeal will raise "substantial issues" about four things: (1) whether the Court correctly determined the child's habitual residence was Mexico; (2) whether Petitioner established custody rights; (3) whether the Court's factual findings are supported by the record; and (4) whether the Court "properly considered the legal effect of ongoing proceedings in Mexico." (Doc. 65 at 2-3.)

The first three of these issues are easily disposed of. The Court determined I.G.F.G.'s habitual residence was Mexico based in part on the record evidence, and also because *the parties stipulated that the child's habitual residence was Mexico*. (Doc. 59 at 2; *see also* Doc. 45 at 2.) Respondent cannot assert error based on her own stipulation. As for Petitioner's custody rights, these were supported by significant record evidence, including an August 16, 2023 Order from a Mexican Court transferring I.G.F.G.'s custody to Petitioner. (Doc. 59 at 2-3, Petitioner's Trial Ex. 1.) That transfer of custody was also memorialized in a written agreement signed by Respondent. (Doc. 59 at 2-3; Petitioner's Trial Exs. 1, 2.) There is no question Petitioner established custody rights. As for Respondent's criticism of the Court's factual findings, she provides no detail about which findings she believes are unsupported. A general argument of error cannot carry the day. Each of the Court's findings are supported by record citation, and Respondent takes specific issue with none of those findings. (Doc. 59 at 2-12.)

Finally, the Court turns to Respondent's claim that it was error to ignore ongoing, related proceedings in Mexico which, according to Respondent, may affect custody of I.G.F.G. In support of this claim, Respondent has submitted an exhibit which she claims suspended the underlying Mexican custody order. (Doc. 66.) But the reason the Court did not consider this document is that it was never presented to the Court: trial occurred March 16-18, 2026, and Respondent's document is dated March 27, 2026 (Doc. 66.) Respondent has never sought to supplement the record or request this Court's reconsideration of its removal order based on new evidence. Respondent cannot assert error for failing to consider evidence she did not present.[2] And Respondent's failure cannot be excused by her pro se status, since she was represented by counsel until two days ago.

In short, Respondent has identified no error that demonstrates she has a likelihood of success on appeal. This factor favors Petitioner.

**2.    Respondent has not shown irreparable injury.**

Respondent asserts that if this Court does not grant a stay, "it would effectively moot meaningful appellate review of the return order and result in immediate and potentially irreversible disruption of the child's life." (Doc. 65 at 2.) As to the question of mootness, Respondent is mistaken. An appeal of a removal order may continue even when that order

---

[2] Even if the Court were to consider Respondent's newly submitted evidence, Petitioner has made a compelling argument that it is entitled to no weight. According to Petitioner, the March 27, 2026 order Respondent submitted in support of her position was interim, and, in fact, overturned by a subsequent order issued on May 14, 2026. (Doc. 77 at 1-2; *see also* Doc. 77-1.) While Petitioner's submission is not conclusive, this Court is troubled by what appears to be Respondent's serious lack of candor in cherry-picking of "orders" she asks this Court to consider.

is effectuated. *Chafin*, 568 U.S. at 180. In fact, the *Chafin* court specifically rejected the argument that a risk of mootness supports a stay, because this "would conflict with the [Hague] Convention's mandate of prompt return to a child's country of habitual residence." *Id.*

As for disruption in I.G.F.G.'s life, the Court is extremely sensitive to the risk of additional tumult in the child's life. The Court respectfully notes, however, that thus far much of the volatility and instability in his life has been caused by Respondent: first by removing him from his home in Mexico in the middle of the night, travelling to a new country; then when he was removed from Respondent's care and put in a foster setting here in the United States; and most recently when he moved from one school to another. These factors contributed to the Court's decision that I.G.F.G. should not be removed until he finished out his year of schooling.

It is certainly true that if this Court's removal order is reversed, I.G.F.G. will suffer the added chaos of potentially going back to the United States after returning to Mexico. That, of course, is why courts closely consider the likelihood of success on the merits of a stay-movant's appeal. Here, there is a very low likelihood of success, such that staying the Court's removal order is likely to do little more than simply delay I.G.F.G.'s eventual return to Mexico. And that circumstance—stretching out the child's time away from his home and postponing his return—also would cause harm.

**3.      Petitioner will be harmed by a stay.**

I.G.F.G. has been away from Petitioner and the rest of his family since Respondent took him out of the country nearly two years ago. Staying this Court's order to return the

child to Mexico while appellate proceedings move forward would have the inevitable effect of extending this separation even longer. For a child as young as I.G.F.G., this time is not properly measured in months or years, but in fractions of his life. Even another six months' delay is a significant percentage of time away from this young child's custodial caregiver. Lengthening the delay worsens the harm.

**4.      Public interest mitigates against a stay.**

Finally, the Court addresses the public interest. Respondent asserts that the public interest is served by a stay because "[t]he Hague Convention is designed to ensure fair and accurate adjudication of international custody disputes." (Doc. 65 at 3.) But "both the Hague Convention and ICARA stress the importance of the prompt return of children wrongfully removed or retained." *Chafin*, 568 U.S. at 178. Those goals are impeded, not advanced, by a stay. Prompt return is important to ensuring reunification in the most sensitive manner, and, of course, to honor the law. The public interest in this case would be harmed by a stay pending appeal.

**III.   THE COURT WILL NOT AMEND ITS REMOVAL ORDER AT THIS TIME.**

In her responsive briefing, Petitioner asks that the Court order Respondent to deliver I.G.F.G. to the Minneapolis-St. Paul Airport on June 7, 2026. (Doc. 76.) According to Petitioner, she harbors grave concerns that Respondent will not abide by the Court's removal order and will instead flee with I.G.F.G. (*Id.*) To buttress this argument,

8

Petitioner's counsel included correspondence between him and Respondent's counsel regarding return of I.G.F.G. to Mexico. (Doc. 77-3.) Petitioner expresses concern that Respondent, now pro se, will feel empowered to disregard the Court's order.

Although the Court has permitted Respondent's counsel to withdraw from this matter, the Court presumes counsel will continue to assist Respondent in complying with this Court's Order. Accordingly, the Court will not amend its Removal Order at this time. Petitioner is free to seek further relief via motion if merited by the circumstances.

## ORDER

For the reasons stated above, Respondent's Emergency Pro Se Motion to Stay Return of Child Pending Appeal (Doc. 65) is **DENIED**.

**SO ORDERED.**

DATED: June 5, 2026                    s/Douglas L. Micko
                                       DOUGLAS L. MICKO
                                       United States Magistrate Judge

9